[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-15855
Non-Argument Calendar
_____

D.C. Docket Nos. 8:13-cv-02558-SDM, 8:13-bk-05393-KRM


In re: EDELMIRO TOLEDO-CARDONA,

                                                                                            Debtor.

_____

BANK OF AMERICA, NA,

                                                                                Plaintiff-Appellant,

versus

EDELMIRO TOLEDO-CARDONA,

                                                                                Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 15, 2014)

Before TJOFLAT, MARTIN, and JORDAN, Circuit Judges.

PER CURIAM:

Bank of America appeals from the district court's order affirming an order from the bankruptcy court voiding Bank of America's lien on Edelmiro Toledo-Cardona's property in a Chapter 7 bankruptcy proceeding he initiated. Toledo-Cardona's property was subject to two mortgage liens at the time he filed for bankruptcy. The debt owed on the first mortgage exceeded the fair market value of the property. Bank of America held the second mortgage, which had a value of over $100,000. Because the debt secured by the first lien exceeded the value of the property, Bank of America's junior lien was considered to be wholly "underwater." This being the case, Toledo-Cardona moved the bankruptcy court to "strip off" or "void"—that is, extinguish in its entirety—Bank of America's lien.

Bank of America's response to Toledo-Cardona's motion acknowledged that under binding Eleventh Circuit precedent holding that a wholly underwater junior lien is voidable, Toledo-Cardona's motion should be granted. See Folendore v. U.S. Small Bus. Admin., 862 F.2d 1537, 1538–39 (11th Cir. 1989); see also McNeal v. GMAC Mortg., LLC, 735 F.3d 1263, 1265–66 (11th Cir. 2012) (per curiam). For that reason, the bankruptcy court granted Toledo-Cardona's motion. Bank of America appealed to the district court, but moved for summary affirmance in light of this Court's binding precedent. The district court granted the motion,

and Bank of America now seeks the appellate review that its motion for summary affirmance was intended to expedite.

Bank of America maintains that <u>Folendore</u> and <u>McNeal</u> should be overturned in light of <u>Dewsnup v. Timm</u>, 502 U.S. 410, 112 S. Ct. 773 (1992), which held that a chapter 7 debtor could not "strip down" a creditor's lien on real property where the value of the property is less than what is due to be paid to the creditor. <u>Id.</u> at 417, 112 S. Ct. at 778. But in <u>McNeal</u>, we reaffirmed <u>Folendore</u> despite the holding in <u>Dewsnup</u>. <u>McNeal</u>, 735 F.3d at 1265–66. As Bank of America concedes, we are bound as a panel to follow our Court's decision in <u>McNeal</u>. We therefore **AFFIRM**.